UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RODNEY WHITE,<br><br>  Plaintiff,<br><br>v.<br><br>BEYOND FINANCE, LLC,<br><br>  Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:25-cv-148<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, RODNEY WHITE ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of BEYOND FINANCE, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Credit Repair Organizations Act ("CROA") pursuant to 15 U.S.C. § 1679 *et seq.*, as well as the Texas Credit Services Organizations Act ("TCSOA") pursuant to Tex. Fin. Code § 393 *et seq.*, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1679, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant resides in the Southern District of Texas.

**PARTIES**

4. Plaintiff is an individual over 18-years-of-age, and a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

5. Defendant is a credit repair organization who obtains, reviews, and shares consumers' credit bureau reports, credit histories, and credit scores in an effort to facilitate the process of debt negotiation. Defendant is organized under the laws of the state of California, with its principal place of business located at 7322 Southwest Freeway, Suite 1200, Houston, Texas 77074.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. In early 2024, Plaintiff was attempting to resolve a number of debts appearing on his credit report, so he reached out to Defendant for credit repair services.

8. Upon speaking with Defendant, Defendant explained the nature of its services and that Plaintiff would make monthly payments to Defendant, with which Defendant would attempt to resolve the various debts Plaintiff would enroll into the program.

9. Defendant further represented that it would get to work promptly and prevent Plaintiff's creditors from contacting him.

10. Additionally, Defendant represented, both explicitly and by implication, that its services would ultimately have a positive impact on Plaintiff's credit score as it would be able to resolve

obligations faster than if he was to do things on his own, and that its services would reestablish Plaintiff's credit and provide him with a fresh financial start.

11. Defendant further repeatedly represented the efficacy of its services and its ability to achieve better results than its competitors.

12. As a result of Defendant's representations, Plaintiff entered into an agreement with Defendant on or about March 18, 2024.

13. Plaintiff agreed to remit approximately $493.74 on a bi-weekly basis for Defendant's credit repair services, and while Plaintiff fulfilled his duties under the agreement by remitting his scheduled payments, several months passed, and Plaintiff saw no improvement with his debt issues or credit score.

14. In fact, Plaintiff's credit score decreased significantly during the period of time in which he was using Defendant's services.

15. Upon information and belief, Defendant withdrew funds from Plaintiff's monthly payments prior to providing any services to Plaintiff and/or before completely performing the services Defendant agreed to perform for Plaintiff. Defendant's conduct resulted in funds being diverted away from Plaintiff's dedicated account, when those funds should have gone towards Defendant negotiating Plaintiff's obligations.

16. Upon information and belief, Defendant diverts its customers' funds in this manner so as to intentionally decrease the pool of available money from which Defendant can reach settlements. This increases the length of time it takes consumers to pay down their enrolled debts, and in turn, allows Defendant to continue to charge unlawful and inappropriate fees to deliver the represented results.

17. Ultimately, Plaintiff believed that his monthly payments were going toward Defendant actively working to address his debts; however, Defendant's services provided no benefit to Plaintiff, as the services failed to result in any marked credit repair to Plaintiff.

18. Moreover, throughout the entirety of the parties' agreement, Plaintiff also continued to receive systematic phone calls and dunning notices from creditors and debt collectors, despite Defendant's promise that the collections would cease.

19. In late August 2024, Plaintiff canceled the program due to the continued lack of progress and ongoing harassment.

20. Defendant's conduct sought to string Plaintiff along for months on end under the guise that results would be delivered, only for no such results to come about.

21. Frustrated and distressed over Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

22. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: loss of sleep, emotional distress, aggravation, mental anguish, pecuniary harm stemming from payments made for deficient credit repair services, deprivation of his substantive right to receive information regarding Defendant's services, as well as violations of his state and federally protected interests – interests which were harmed put at a material risk of harm stemming from Defendant's conduct.

## COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the

express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

25. At all times relevant hereto, Defendant represented to Plaintiff, both directly and by implication, that the successful completion of Defendant's program would ultimately result in the overall improvement of Plaintiff's credit history and would help reestablish Plaintiff's credit, as it would allow him to resolve obligations which would otherwise go unresolved.

### i.   Violations of CROA §§ 1679b(a)(3)-(4)

26. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

27. Defendant violated the above provisions of the CROA through its generally deceptive representations regarding the nature of the services it would provide Plaintiff. Defendant assure Plaintiff that it would get to work promptly and would handle all of Plaintiff's creditors. However, after months of making payments, Plaintiff was still being repeatedly harassed by his creditors despite Defendant's suggestions that its services would prevent that precise issue.

28. Defendant further violated the above provisions of the CROA through the deceptive and misleading manner in which it collects fees from consumers. Defendant's charging of premature and unlawful fees depletes the pot from which further settlements can be made, in turn increases the length of time consumers are subject to Defendant's program.

29. Further, Defendant violated the CROA through its deceptive and misleading instruction that Plaintiff's best course of action would be to cease paying his creditors and instead divert those funds to Defendant. Defendant failed to properly disclose the impact this course would have as it was represented to Plaintiff that, ultimately, Defendant's program would improve his credit. However, its services had the exact opposite effect. Upon information and belief, if Defendant was honest about the true impact of its services, consumers would be reluctant and less likely to sign up for Defendant's services.

30. Defendant further violated the above provisions of the CROA through its fraudulent conduct in making certain representations designed to induce consumer participation in its program, only to cut against those representations in the contracts it enters into with consumers. Defendant engages in this deceptive and misleading conduct in order to get consumers on the hook, only to feebly attempt to justify its failures and conduct through contractual language that runs contrary to its representations made to consumers.

31. Additionally, Defendant violated the CROA through its generally deceptive representations that it would be able to submit effective disputes in connection with the information on Plaintiff's credit report. Inherent with Defendant's representations was the notion that there would be an obligation for an investigation to be triggered by Defendant's submission of a credit dispute on Plaintiff's behalf. However, pursuant to 12 C.F.R. § 1022.43(b)(2), the credit reporting agencies are under no obligation to respond to disputes submitted by credit repair organizations like Defendant.

32. Plaintiff relied on Defendant's misrepresentations to his detriment, as not only was he was charged bi-weekly fees for services that were not rendered, but he also incurred additional fees with certain creditors that he would not have incurred had he not enrolled in Defendant's program.

### ii. Violations of CROA § 1679b(b)

33. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

34. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Defendant charged Plaintiff a bi-weekly fee without fully performing the services it promised Plaintiff in violation of the CROA.

35. As pled in paragraphs 20 through 22, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, RODNEY WHITE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3);

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS CREDIT SERVICES ORGANIZATIONS ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by Tex. Fin. Code § 393.001(1).

38. Defendant is a "credit services organization" as defined by Tex. Fin. Code § 393.001(3), as it represented to Plaintiff that it would improve his credit history and rating, and also provided Plaintiff with advice and assistance regarding the same.

### i. Violations of TCSOA § 393.302

39. The TCSOA, pursuant to Tex. Fin. Code § 393.302 states that a credit services organization shall not "charge or receive from a consumer valuable consideration before completely performing all the services the organization has agreed to perform for the consumer."

40. Defendant violated the above provisions of the TCSOA in much the same way it violated § 1679b(b) of the CROA.

### ii. Violations of TCSOA § 393.304

41. The TCSOA, pursuant to Tex. Fin. Code § 393.304 states that a credit services organization may not "make or use a false or misleading representation in the offer or sale of the services of the organization."

42. Defendant violated § 393.304 of the TCSOA in much the same way it violated §§ 1679b(a)(3)-(4) and 1679b(b) of the CROA. As set forth, *supra*, Defendant made a number of false promises and misrepresentations that it never adhered to. Defendant assured Plaintiff that if he used Defendant's services, it would eliminate his debt issues, raise his credit score, and would also be able to get collection efforts to cease. Yet, in spite of Plaintiff continuously remitting payments to Defendant, Defendant failed to carry out the terms of its own agreement.

### iii. Violations of TCSOA § 393.305

43. The TCSOA, pursuant to Tex. Fin. Code § 393.305 states that a credit services organization "may not directly or indirectly engage in a fraudulent or deceptive act, practice, or course of business relating to the offer or sale of the services of the organization."

44. Defendant violated § 393.304 of the TCSOA in much the same way it violated §§ 1679b(a)(3)-(4) and 1679b(b) of the CROA.

45. As pled in paragraphs 20 through 22, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, RODNEY WHITE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Tex. Fin. Code § 393.503(a)(1);

c. Award Plaintiff reasonable attorney fees, pursuant to Tex. Fin. Code § 393.503(a)(2);

d. Award Plaintiff costs, pursuant to Tex. Fin. Code § 393.503(a)(3);

e. Award any other relief as this Honorable Court deems just and proper.

DATED this 13th day of January, 2025.        Respectfully Submitted,

 */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Counsel for Plaintiff, Rodney White*